UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW H. KLUGER and<br>GARRETT D. BAUER,<br><br>Defendants. | Case No. 2:11-cv-01936 (KSH)<br><br>**FINAL JUDGMENT** |

### **FINAL JUDGMENT AS TO DEFENDANT GARRETT D. BAUER**

The Securities and Exchange Commission having filed a Complaint and Defendant Garrett D. Bauer ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

### I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)  to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 14(e) of the Exchange Act [15 U.S.C. § 78n(e)] and Rule 14e-3 [17 C.F.R. § 240.14e-3] promulgated thereunder, in connection with any tender offer or request or invitation for tenders, from engaging in any fraudulent, deceptive, or manipulative act or practice, by:

(a) purchasing or selling or causing to be purchased or sold the securities sought or to be sought in such tender offer, securities convertible into or exchangeable for any such securities or any option or right to obtain or dispose of any of the foregoing securities while in possession of material information relating to such tender offer that Defendant knows or has reason to know is nonpublic and knows or has reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee or other person acting on behalf of the offering person or such issuer, unless within a reasonable time prior to any such

purchase or sale such information and its source are publicly disclosed by press release or otherwise; or

(b) communicating material, nonpublic information relating to a tender offer, which Defendant knows or has reason to know is nonpublic and knows or has reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee, advisor, or other person acting on behalf of the offering person or such issuer, to any person under circumstances in which it is reasonably foreseeable that such communication is likely to result in the purchase or sale of securities in the manner described in subparagraph (a) above, except that this paragraph shall not apply to a communication made in good faith

(i) to the officers, directors, partners or employees of the offering person, to its advisors or to other persons, involved in the planning, financing, preparation or execution of such tender offer;

(ii) to the issuer whose securities are sought or to be sought by such tender offer, to its officers, directors, partners, employees or advisors or to other persons involved in the planning, financing, preparation or execution of the activities of the issuer with respect to such tender offer; or

(iii) to any person pursuant to a requirement of any statute or rule or regulation promulgated thereunder.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for $31,671,931 in disgorgement and prejudgment interest as follows: (1) disgorgement in the amount of $30,812,796 representing profits gained as a result of the conduct alleged in the Complaint, which is partially satisfied and offset, on a dollar-for-dollar basis, by a Final Order of Forfeiture entered in a criminal matter brought in the District of New Jersey under Criminal Action no. 11-842 (KSH) for the following assets: (1) $23,200 in cash that was seized at the direction of the U.S. Attorney's Office for the District of New Jersey on or about April 6, 2011; (2) $20,960,741 seized at the direction of the U.S. Attorney's Office for the District of New Jersey from the following accounts: Citibank, N.A., Money Market Plus account #XXXX3951; Citibank, N.A., High Interest Checking account #XXXX8167; Citibank, N.A., Ultimate Money account #XXXXXX3410; Citibank, N.A., Ultimate Savings account #XXXXXX6295; Citibank, N.A., Savings Plus account #XXXXXX1682; Citibank, N.A., e-Saving account #XXXXXX4721; Citibank, N.A., Savings Plus account #XXXXXX8350; TD Ameritrade account #XXX-XX1986; Goldman Sachs Execution and Clearly, L.P. account #XXXX1209 (1 and 2 above are collectively referred to as the "Seized Funds"); and (3) the net proceeds obtained from the sale of two pieces of property seized at the direction of the U.S. Attorney's Office for the District of New Jersey known as: 7137 Via Firenze, Boca Raton, Florida; and 157 E. 84th Street, Apt. #4-E, New York, New York (the "Seized Real Property"), after satisfaction of any mortgages, lines of credit, other bona fide liens duly recorded against those properties, and costs associated with the sales of those properties, upon Defendant's agreement that he shall not contest, directly or indirectly, the seizure, relinquishment, and liquidation of the Seized Funds or the Seized Real

Property, or any portion thereof, in the criminal proceeding referenced above; and (2) prejudgment interest in the amount of $859,135.

### IV.

Defendant shall pay the remaining $10,687,990 in disgorgement and prejudgment interest within 14 days after entry of this Final Judgment. In the event that the Seized Funds are not retained by the United States through a civil or criminal proceeding, Defendant agrees that he shall immediately pay the Seized Funds directly to the Commission as soon as they come into his possession or are held by another for his benefit by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. In the event that the Seized Real Property is not retained by the United States through a civil or criminal proceeding, Defendant agrees that he shall consent to the appointment of a receiver to handle the sale of the Seized Real Property, if sought by the Securities and Exchange Commission, so that the proceeds may be paid directly to the Securities and Exchange Commission.

The payment(s) described above shall be delivered or mailed to the Securities and Exchange Commission, Office of Financial Management, 100 F. Street, NE, Stop 6042, Washington, D.C. 20549, and shall be accompanied by a letter identifying Garrett D. Bauer as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of such payments and letters to the Commission's counsel in this action: Elaine C. Greenberg, Associate Director, Philadelphia Regional Office, Securities and Exchange Commission, 701 Market Street, Suite 2000, Philadelphia, PA 19106. By making this payment(s), Defendant relinquishes all legal and equitable right, title, and interest

in such funds, and no part of the funds shall be returned to Defendant. Defendant shall pay post-judgment interest pursuant to 28 U.S.C. § 1961 and shall contact counsel for the Commission prior to making the payment that is due within 360 days of the entry of the Final Judgment for the appropriate payoff amount. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that based upon the criminal sanctions to be imposed against Defendant in *United States v. Bauer*, Crim. No. 2:11-cr-00842 (D.N.J.), no civil penalty shall be imposed upon Defendant in this civil action.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: May 1, 2012